UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PAUL VERBITSKY,

                        Plaintiff,

   -against-

DR. MONTALBANO, a physician at Arthur
Kill Correctional Facility; D. BRESLIN,
Superintendent at Arthur Kill Correctional
Facility,
                       Defendants.
----------------------------------------------------------X

NOT FOR ELECTRONIC
OR PRINT PUBLICATION

08-CV-5148 (ARR) (LB)

MEMORANDUM
AND ORDER

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ JUL 29 2009 ★
BROOKLYN OFFICE

ROSS, United States District Judge:

*Pro se* plaintiff, Paul Verbitsky, a prisoner currently incarcerated at Arthur Kill Correctional Facility (hereinafter "Arthur Kill"), commenced this action pursuant to 42 U.S.C. § 1983, alleging that Dr. Montalbano, a physician at Arthur Kill, violated plaintiff's civil rights when he denied plaintiff necessary medical treatment.[1] Defendant has filed a motion to dismiss. For the following reasons, defendant's motion is denied.

## BACKGROUND

The following factual allegations are drawn from plaintiff's complaint and from his Inmate Grievance Complaint ("IGC").[2] For the purposes of a motion to dismiss, all facts alleged in the complaint are presumed to be true.

Plaintiff alleges that as of 2007, when he was incarcerated at Herkimer County

---

[1] In his complaint, plaintiff also named D. Breslin, Arthur Kill's Superintendent, as a defendant. On January 7, 2009, I dismissed plaintiff's claim against Breslin because Verbitsky failed to allege facts demonstrating that defendant Breslin had any direct involvement with, knowledge of, or responsibility for the alleged denial of medical care and treatment. See Order at 2 (Jan. 7, 2009).

[2] Plaintiff reference the IGC in his complaint and defendant appended it to his motion to dismiss as Exhibit A.

Correctional Facility and later at Downstate Correctional Facility, he received appropriate medical treatment, including medication, for various physical and psychological illnesses. Compl. at ¶¶ 6, 7. Specifically, plaintiff contends that a car accident resulted in disc herniations, and has caused him severe back pain, sciatic pain, and numbness and weakness in his right foot. See Mem. Of Law in Support of Def's Mot. To Dismiss ("hereinafter Mot. To Dismiss). Ex. A.; Compl. at ¶ 14(b). Plaintiff also avers that he suffers from a sleep disorder, anxiety and high blood pressure. Compl. at ¶ 14(b). Since he was transferred to Arthur Kill, however, plaintiff claims that defendant has "refused to provide plaintiff with accurate medical care and appropriate medication(s) for his serious life threatening [physical] and psychiatric illness." Compl. at ¶ 10. Plaintiff further claims the defendant was aware of plaintiff's various ailments, but refused to "abide by the . . . Downstate medication therapy prescribed by [plaintiff's] previous medical Doctors," evidenced by his medical records. Compl. at ¶¶ 11, 14(a). As a result, plaintiff contends that he was "continuously in pain, and suffered recurrent psychiatric illness, all of which was accompanied by horrific severe chronic pain to his lower back, right foot, and to his thoraco (sic) lumbar area." Compl. at ¶ 11.

Plaintiff avers that when he sought medical help from defendant, Dr. Montalbano "disclosed to plaintiff . . . [that] he was not prescribing medication because the plaintiff was a drug addict, and that he believed that [the] medication(s) and therapy [were] not needed, and [were] costly to the State." Compl. at ¶ 12. Withholding medication and treatment, argues plaintiff, constitutes deliberate indifference which violates his Eighth Amendment rights. Id. In turn, plaintiff filed a grievance with the Arthur Kill Inmate Grievance Program, which was denied. Compl. at ¶ 13.

## DISCUSSION

### I. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a defendant may move to dismiss an action for failure to state a claim upon which relief may be granted. In considering a Rule 12(b)(6) motion, a court must accept all of the factual allegations in the complaint as true and must draw all reasonable inferences in the plaintiff's favor. See Erickson v. Pardus, 551 U.S.89, 127 S.Ct. 2197, 2200 (2007); Ofori-Tenkorang v. Am. Int'l Group, Inc., 460 F.3d 296, 298 (2d Cir. 2006). A court must then determine whether a plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). Recently, the Court expounded on its ruling in Twombly in Aschroft v. Iqbal, when it noted that, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Aschroft v. Iqbal, __ U.S. __, 129 S.Ct. 1937, 1949 (2009). In turn, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 1950.

It should also be noted that courts are particularly hesitant to dismiss actions filed by *pro se* litigants, as *pro se* complaints are held to "less stringent standards than formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520 (1972). "When considering motions to dismiss a *pro se* complaint such as this, 'courts must construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggest[s].'" Weixel v. N.Y.C. Bd. of Educ., 287 F.3d 138, 145-46 (2d Cir. 2002) (quoting Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000)). "Nevertheless, the [c]ourt is also aware that *pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." Iwachiw v. N.Y.C. Bd. of Educ., 194 F. Supp. 2d 194, 202

3

(E.D.N.Y. 2002) (citing Traguth v. Zuck, 710 F.2d 90, 95 (2d Cir. 1983)). While the Second Circuit has not addressed a Rule 12(b)(6) motion *vis-a-vis* a *pro se* litigant in the post-Iqbal universe, at least one circuit has cited the recent Supreme Court case for the proposition that "even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" Atherton v. D.C. Office of the Mayor, __ F.3d __, __, 2009 WL 1515373, at * 6 (D.C. Cir. June 2, 2009) (citing Iqbal).

Because "a Rule 12(b)(6) motion challenges the facts alleged on the face of the complaint . . . or, more accurately, the sufficiency of the statements in the complaint," see Cortec Indus., Inc. v. Sum Holding L.P, 949 F.2d 42, 47 (2d Cir. 1991) (internal citations omitted), cert. denied, 503 U.S. 960 (1992), a court deciding such a motion "is normally required to look only to the allegations on the face of the complaint." Nevertheless, "[d]ocuments that are attached to the complaint or incorporated into it by reference are deemed part of the pleading and may be considered." Id. (citing Pani v. Empire Blue Cross Blue Shield, 152 F.3d 67, 71 (2d Cir. 1997), cert. denied, 525 U.S. 1103 (1999)).

## II. Section 1983 Claim

In order to maintain a § 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994) (citing Parratt v. Taylor, 451 U.S. 527, 535 (1981), overruled on other grounds by Daniels v. Williams, 474 U.S. 327 (1986)). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id.     Here, plaintiff alleges that

4

defendant, a state employee, exhibited deliberate indifference to his medical needs in violation of the Eighth Amendment and § 1983 when he interfered, disrupted, and withheld plaintiff's "medication therapy." Compl. at ¶ 16. Defendant argues that plaintiff's § 1983 claim should be dismissed because (1) plaintiff has failed to sufficiently allege that defendant acted with deliberate indifference, and (2) defendant, in any event, is entitled to qualified immunity. See Def's Mot. To Dismiss at. 8, 11.

### A. Deliberate Indifference

The Eighth Amendment to the Constitution prohibits "deliberate indifference to serious medical needs of prisoners[.]" Estelle v. Gamble, 429 U.S. 97, 104 (1976). The standard of "deliberate indifference" encompasses both objective and subjective prongs. See Hathaway v. Coughlin, 37 F.3d 63, 66 (2d Cir. 1994) [hereinafter Hathaway II]. The objective prong requires a showing that the deprivation was "'sufficiently serious,'" id. (quoting Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 2324, 115 L.Ed.2d 271 (1991)), and that the plaintiff faced at the time "'a condition of urgency, one that may produce death, degeneration, or extreme pain.'" Id. (quoting Nance v. Kelly, 912 F.2d 605, 607 (2d Cir. 1990) (Platt, J., dissenting)). In addition, the plaintiff must prove that the defendant possessed the requisite mental state. This standard contemplates greater culpability than negligence or medical malpractice, but less culpability than acts or omissions "for the very purpose of causing harm or with knowledge that harm will result." Farmer v. Brennan, 511 U.S. 825, 835 (1994). The defendant will only be liable if he or she knew of, and disregarded an, excessive risk to the plaintiff's health or safety. See Hathaway II, 37 F.3d at 66. Thus, "the official must be both aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id.

Defendant argues that plaintiff's claim should be dismissed because he failed to demonstrate that defendant had the intent required to satisfy the subjective prong of the deliberate indifference standard. To support this conclusion, defendant cites to the Inmate Grievance Review Committee's determination (hereinafter "IGRC Report"). The IGRC Report, which was adopted by Arthur Kill's Superintendent and accepted by the Inmate Grievance Program Central Office Review Committee, was based upon a nurse's investigation and conclusion that plaintiff received appropriate medical care. See Def's Mot. To Dismiss at 9, Ex B. Defendant contends that the IGRC Report reveals that plaintiff was deemed a drug abuser, and was therefore appropriately denied narcotic medication and prescribed instead a cane and non-narcotic pain medication. Id.[3] Indeed, defendant argues that the IGRC Report reveals that defendant was belligerent and "constantly complaining," yet could ambulate at the commissary without assistance. See Def's Mot. To Dismiss, Ex. B. Thus, defendant opines that the IGRC Report reveals not a deliberate indifference to plaintiff's medical complaints, but rather a difference of opinion between plaintiff and defendant regarding the appropriate course of his treatment. See Def's Mot. To Dismiss at 9.

While defendant correctly argues that a "mere disagreement over the proper treatment does not create a constitutional claim . . . [s]o long as the treatment given is adequate," Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998), his motion to dismiss must nonetheless be denied. At this early stage in the litigation, and accepting plaintiff's allegations as true, there is nothing in the record from which I can determine that defendant made a reasonable determination about the appropriate course of plaintiff's treatment. Nor is there any evidence that plaintiff's claim is

---

[3] Plaintiff vehemently denies that he abuses narcotics. See Pl's Reply at 1-2.

merely a disagreement over treatment. All defendant cites to in support of his argument is the investigation conducted by a nurse and the conclusions of the administrative proceeding adopting the nurse's version of events.[4] These papers do not describe the medical evidence relied on by defendant in reaching his conclusion that plaintiff was a drug abuser and that non-narcotic medication and a cane were the appropriate courses of treatment. Nor do the records describe the type of treatment plaintiff received at Herkimer or Downstate Correctional Facility and why defendant deviated from those prior courses of treatment. Indeed, the administrative record does not even identify defendant as plaintiff's treating physician. I will not rely on such evidence to determine, as a matter of law, that plaintiff's Constitutional rights have not been violated.

Defendant's citation to Espinal v. New York State Dept of Correctional Servs., does not alter this outcome. In Espinal, the court granted the defendant's motion for summary judgment, ruling that the plaintiff's deliberate indifference claim failed because "no reasonable jury could find the subjective prong [of the two-prong test] satisfied," because crux of the plaintiff's complaint was about the type and quantity of medicine prescribed by the defendant, and not about a denial of treatment. 2009 Lexis 25127, at ** 10,11 (N.D.N.Y. March 24, 2009). This case, unlike Espinal, which was disposed of on summary judgment, is at a much earlier stage in the litigation. Therefore, unlike the Espinal court's decision, which was based on an analysis of medical records and deposition testimony, I have no similar records to review to persuade me

---

[4] The court is mindful that defendant was forestalled from submitting an affidavit from defendant or any additional evidence in support of his motion for dismissal at this stage in the litigation because I was constrained to review only to the allegations on the face of the complaint, as well as documents that were incorporated into the complaint by reference. I may, of course, consider additional evidence, including defendant's affidavit and plaintiff's medical records from Arthur Kill, Herkimer, and Downstate Correctional Facility upon a future motion for summary judgment following discovery.

that plaintiff has failed to plead a Constitutional claim. Id. at ** 10-13. Therefore, based on the current record, I cannot say as a matter of law that defendant's actions did not constitute deliberate indifference to plaintiff's serious medical needs.

**B.  Qualified Immunity**

Defendant argues that, if the court finds that a potential Eighth Amendment violation exists, he should be shielded under qualified immunity. See Def's Mot. To Dismiss at 11. To be entitled to qualified immunity, defendant must establish that "(1) [his] conduct [did] not violate clearly established constitutional rights, or (2) it was objectively reasonable for [him] to believe that [his] acts did not violate those rights." Provost v. City of Newburgh, 262 F.3d 146, 160 (2d Cir. 2001). "At the motion to dismiss stage of a civil damages action, a defendant is entitled to the shield of qualified immunity if the allegations of the complaint fail to state a claim that his conduct violated 'clearly established statutory or constitutional rights of which a reasonable person would have known.'" Charles W. v. Maul, 214 F.3d 350, 356-57 (2d. Cir. 2000) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). When analyzing defendant's qualified immunity defense, I must continue to construe the facts in the light most favorable to plaintiff.

Defendant maintains that he is entitled to qualified immunity because there is "no clearly established right on the part of Plaintiff to have the medication therapy of his choosing." Def's Mot. at 12 (internal citation omitted). Plaintiff, however, is not asserting that he is entitled to a particular type of treatment. Rather, he is asserting that he has been unlawfully denied medical treatment that was previously provided to him by two other correctional facilities. For the same reasons noted above, defendant has not adduced evidence to the contrary. After the record has been fully developed, it may become clear that the gravaman of plaintiff's complaint is that he

disagrees with the course of treatment prescribed by defendant and that defendant acted in an objectively reasonable manner. In turn, I may be able to determine as a matter of law that defendant's conduct either did not violate clearly established, or was objectively reasonable. If so, qualified immunity may be appropriate. The court cannot make such a determination, however, on the current record. Therefore, defendant's motion to dismiss plaintiff's section 1983 claim based on qualified immunity is denied.

## III. Universal Declaration of Human Rights Claim

Plaintiff also claims that defendant's inaction violated the Universal Declaration of Human Rights (hereinafter "UDHR"), to which the United States is a signatory. Compl. at ¶ 20. As noted above, section 1983 creates a right of action on behalf on an individual deprived of "any rights, privileges or immunities secured by the Constitution and laws[.]" 42 U.S.C. § 1983. A treaty violation may serve as a basis for a section 1983 claim, "provided that the treaty allows for a private right of action to redress any alleged violations of its provisions." Ciaprazi v. Goord, 2005 WL 3531464, at *15 (N.D.N.Y. Dec. 22, 2005) quoting (Standt v. City of New York, 153 F.Supp.2d 417, 422-30 (S.D.N.Y. 2001). The Second Circuit has noted that the UDHR is not a treaty, see Guaylupo-Moya v. Gonzales, 423 F.3d 121, 133 (2d Cir. 2005), and has characterized it as "non-binding." Flores v. Souther Peru Copper Corp., 414 F.3d 233, 261 (2d Cir. 2003). Thus, the UDHR does not have the effect of domestic law and therefore cannot serve as the predicate for a 1983 claim. Accordingly, plaintiff cannot base his section 1983 claim on defendant's purported violation of the UDHR.

## CONCLUSION

For the foregoing reasons, defendant's motion to dismiss plaintiff's section 1983 claim is denied.[5]

SO ORDERED.

                                           s/Allyne R. Ross

                                           Allyne R. Ross
                                           United States District Judge

Dated: Brooklyn, New York
        July 28, 2009

**Service List**
Paul Verbitsky, *pro se* plaintiff
08-A-4319
Arthur Kill Correctional Facility
2911 Arthur Kill Road
Staten Island, NY 10309

---

[5] In plaintiff's reply to defendant's motion to dismiss, he alleges that Pam Sharpe, a nurse at Arthur Kill, is currently denying him access to a wheelchair prescribed by Dr. Felix Ezekwe. See Pl's Reply at 2. Plaintiff alleges that he is not permitted to use the wheelchair to attend church services, reach the law library or the mess hall. Id. This, plaintiff argues, violates the American's with Disabilities Act of 1990. Id. Nurse Sharpe was not named as a defendant in plaintiff's initial complaint. To the extent plaintiff alleges that defendant's denial of access to a wheelchair constitutes deliberate indifference within the meaning of section 1983, I consider that claim to be incorporated into the complaint, and defendant had notice of the issue since plaintiff's IGR complaint discussed his dissatisfaction with the prescribed cane. To the extent plaintiff raises an ADA claim against a new defendant, however, plaintiff cannot pursue that new claim in this case.